## Edward L. Wood *v.* W. W. Bott and Wife.

1. ESTATE OF DECEDENT.  *Sale of land.   Widow and second husband purchasers.   Rights of heirs.*

W. died, leaving a will by which he appointed his wife executrix, directed that his estate be kept together, and gave her the control and management of his plantation until his son became of age, if she remained a widow; but if she married, then her part of the estate was to be separated from the children's part.   The widow renounced the will, married, and had her dower in the lands of her deceased husband set apart to her.   She was removed from her office of executrix, and an administrator *de bonis non* of the estate was appointed.   The administrator obtained an order of the court authorizing him to sell the lands of the estate to pay the debts of the decedent.   The lands were sold, and the widow of the deceased, who had become the wife of B., bought the reversion in the land set apart to her as her dower, and B. bought the other lands.   The widow took possession of the lands after the death of W., and she, with her husband, B., was still in possession at the time of the sale.   At that time E. L. W. was the

only heir to the land. *Held*, that there was nothing in the relationship of Mrs. B. to E. L. W., as his mother, or of B. as his step-father, or in their relationship to the land, which precluded either of them from purchasing at such sale.

2. SAME. *Widow's rights in land. When heir entitled to rents from her.*

Under the Code of 1857, a widow was entitled to the use of her deceased husband's plantation, free of rent, till her dower was assigned, but if she retained possession of the whole after her dower was set apart, she became liable to the heir for the rent of all the land not embraced in her dower; and the facts that the lands were afterwards sold to pay the debts of the decedent, and the estate was declared insolvent, would not deprive the heir of his right to the rents accruing after the allotment of dower, and before the order of court making the land assets of the estate and directing it to be sold to pay the debts.

APPEAL from the Chancery Court of De Soto County.

Hon. J. N. CAMPBELL, Chancellor.

Thomas H. Wood died in 1861, having made a last will and testament, and leaving a large estate of both personalty and realty. He left a widow, Georgiana J. G. Wood, and two children, Edward L. and Emily H. Wood. Emily H. Wood only survived her father a short time. Mrs. Wood, who was appointed executrix of the will, qualified and entered upon the duties of her office immediately after the death of her husband. The will contained this provision: " I command my estate to be kept together, and my plantation kept as I have it now, and give to my wife entire control, to the best of her judgment, for the interest of herself and our children, so long as she remains single (which I hope will be for life). In the event of her marriage again, I desire and command my children's portion of my estate to be divided from my wife's portion, and my children's property kept together till my son, Edward L., arrives at the age of 21 years, or longer if my children desire." In January, 1862, Mrs. Wood renounced the will. In March, 1865, she married W. W. Bott. In November, 1865, one of the sureties on her bond, upon his application to the court, was released, and she, failing to give another bond, was removed from her office of executrix. She then filed a petition for the allotment of her dower, and in December, 1865, a decree was

entered directing it to be set apart to her. Her dower was accordingly assigned to her, and in March, 1866, the report of the assignment was confirmed. In May, 1866, she filed her final account, which was approved, and she was discharged as executrix.

In July, 1867, N. W. Campbell was appointed administrator *de bonis non* of the estate ; and, in October next following, he reported the personal estate as insufficient to pay the debts, and asked for authority to sell the real estate. At the December term, 1867, of the court, a decree was rendered ordering the sale of all the lands belonging to the estate, and on the 20th of January, 1868, the same were sold at public outcry. The land which had been set apart to Mrs. Bott for her dower, consisting of about one section, was sold subject to her interest, and the reversion was bought by her for $1,216. The other lands, about 2,166 acres, were purchased by W. W. Bott. But on the day of the sale, by agreement between Bott and Edward L. Wood, the former conveyed to the latter one section of the land purchased at the sale, and Wood made a quitclaim deed to Bott of all the other lands purchased by him at such sale. Each deed was the consideration of the other. E. L. Wood was not twenty-one years of age till September, 1868, but on the 30th of October, 1866, he was emancipated from his legal disabilities as a minor by an act of the Legislature.

In September, 1866, Edward L. Wood filed his original bill of complaint against W. W. Bott and wife, and subsequently filed two amended bills. The prayer of the last amended bill was, that the decree of the Probate Court ordering the sale of the land be declared void ; that the quitclaim deed made by the complainant be declared void, and be cancelled ; that the defendants be declared trustees of the land for complainant, and be required to account to him for the rents thereof from the time they came into possession of the land ; and, especially, that they be compelled to account to complainant for the rents and profits of the land for the years 1865, 1866, and 1867. The grounds of complaint were, substantially, that the de-

cree and sale were void on account of fraud used by the defendants in procuring the decree and bringing about the sale of the lands; that, owing to the fiduciary relation of the defendants to the complainant in reference to these lands, they could not purchase for themselves, except under circumstances of the utmost fairness; that Mrs. Bott, as executrix, took possession of the lands in October, 1861, and so remained till a short time before her marriage with Bott, in 1864, when Bott got joint possession with her, and they have jointly occupied the lands to the present, except a part which has been in the possession of the complainant since 1868; that the defendants were complainant's natural guardians (he having no regular guardian), and the only persons in the world to whom he had the right to look for the protection of his rights and interests; that at the time of the sale and purchase of said lands, the defendants still held the same, in their fiduciary capacity as complainant's natural guardians, and had never disrobed themselves of that trust by delivering the lands to his possession and accounting for the profits; that on the very day of the sale, Bott, in pursuance of his scheme to become the owner of complainant's land, procured complainant to execute to him a quitclaim deed to all of the complainant's land, and for that conveyed to complainant a portion of his own land. This quitclaim deed was attacked on the grounds, — 1st, that the complainant was a minor; 2d, that it was without consideration, as Bott paid for it only by conveying to complainant land, in equity, already his; 3d, that the procurement of the deed was a part of a scheme before then set on foot to defraud complainant of his lands; 4th, that the fiduciary relation of Bott to complainant made it illegal for him to deal with complainant, except under circumstances of the utmost fairness and good faith. The chancellor dismissed the bill, and the complainant appealed.

*Vance & Anderson*, for the appellant.

1. Mrs. Bott went into possession and control of the lands of her deceased husband, Thomas H. Wood, as a direct and

express trustee under his will, for the joint benefit of herself and the appellant. Their interest under the will continued joint until the marriage of the mother. After her marriage, he was entitled to have his interest separated from hers, though still to remain under her control, as trustee, till he arrived at the age of twenty-one years. Her character as trustee under the will was independent of her character as executrix, and her removal from the office of executrix had no effect on her trusteeship. The administrator afterward appointed had nothing to do with the control or possession of the lands. 44 Miss. 596; 45 Miss. 68; 51 Miss. 206. Had the widow never qualified as executrix, she would still have been entitled, under the will, to the possession and control of the plantation. After Bott married her, his possession was as her agent and husband, and with the same trust.

2. Independent of the will, the widow was the natural guardian of her son, and as such held the lands, with all the disabilities of a guardian as to dealing with it, until he had become of age, and she had delivered possession thereof to him and accounted to him for the rents of the same. After Bott married the widow, he stood *in loco parentis* to the appellant, and assumed control of his lands, with the trust of guardianship, the same as his wife. But, whether regarded as holding under the will or the statute, Mrs. Bott entered into possession of the lands, holding and claiming a joint interest with her son, derived from a common source, and she so continued up to the time of the sale. Bott had only the same possession. They were the mother and step-father of complainant, and he was entitled to their counsel and aid in the management of his property, and they had no right to place themselves in a position antagonistic to his interest when the sale of his land occurred. Their relationship to the appellant and his property precluded the appellees from becoming the purchasers of his land for their own benefit, except on the conditions of full price and the utmost fairness. *Keech* v. *Sanford*, Ld. Cas. in Eq. 36, notes; *Fox* v. *Mackreth*, *ib.* 92; *Everson* v.

*Tappen*, 5 Johns. Ch. 498, 514 ; *Mervin* v. *Weible*, 1 Casey, 270 ; *Meek & Thornton* v. *Perry*, 7 Geo. 190 ; *McGowan* v. *McGowan*, 48 Miss. 566 ; Perry on Tr., sect. 200 ; 1 Ld. Cas. in Eq. 237.

*J. A. Anderson*, of counsel for the appellant, argued the case orally.

*J. B. Morgan*, for the appellees, filed an elaborate brief on the facts of the case.

*White & Chalmers*, on the same side.

The counsel for the appellant first assumes that the appellees were trustees for E. L. Wood, and then quotes a long list of authorities to prove that a trustee cannot purchase property which is the subject of the trust. We admit the principle, but deny that Bott and wife were trustees, unless it can be shown that a mother is always a trustee for an adult married son, and a step-father is always a trustee for an adult married step-son. That was the only relationship subsisting between the appellant and the appellees at the date of the sale. Every tie of legal trusteeship had been dissolved by the final discharge of the executrix and by the allotment of dower. No case can be found in the books where blood-relationship alone between adults has been held as a disqualification upon the right to purchase. A father may purchase the property of an adult son, or the son the property of his mother, or the brother the property of his sister, where the sale is a public one, under legal proceedings not procured by the purchaser, and free from fraud.

*Harris & George*, on the same side.

1. If Mrs. Bott was the natural guardian of her son, she had nothing to do with his estate. 4 Bac. Abr., tit. "Guardian," A ; *Pickens* v. *Dyer*, 6 Geo. 401 ; 2 Kent's Comm. 217 ; Reeve's Dom. Rel. 314. Natural guardian was nothing more than a preference to be appointed legal guardian. Code 1857, p. 459, art. 142 ; 1 Co. Lit. (Thomas's ed.) 154, and note 2. Guardian by nature, technically, never existed in this country. And appellant was made an adult before the sale.

2. The removal of Mrs. Bott put an end to her trusteeship. Perry on Tr.. sect. 921; Lewin on Tr. 587. A purchase after the trust relation ceases will be upheld. Hill on Tr. 536; *Shirley* v. *Shattuck*, 6 Cushm. 13; Lewin on Tr. 463; 3 Meriv. 208.

3. Bott's relationship to the appellant as step-father amounted to nothing. There is no legal relationship between a child and his step-father. *Freto* v. *Brown*, 4 Mass. 675; *Worcester* v. *Marchant*, 14 Pick. 512.

*J. Z. George*, of counsel for the appellees, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

The claim of appellant is utterly devoid of merit. The gist of his complaint is, that he was defrauded of his inheritance by appellees, who were in such relation to him and the estate as to disable them, or either, to buy the land; and on this double ground he seeks to have them " treated as trustees, holding the legal title for him, subject to account for money paid and rents received by them."

The charge of fraud by appellees in procuring title to the land is wholly unsupported, and overthrown; and the proposition that appellees, or either of them, was precluded by circumstances of relationship to the land or the appellant from buying at the sale of it by the administrator, is as unfounded as the charge of fraud is shown to be. There was no relation of trust or confidence between the parties, and appellees did not sustain such relation to the land as to be under a disability to buy it for themselves.

We recognize fully the doctrine of *Keech* v. *Sanford*, 1 Ld. Cas. in Eq. 36, and cases following and illustrating it, and *Fox* v. *Mackreth* and *Pitt* v. *Mackreth*, *ib.* 92, and cases following and supporting them; but we do not know of any case or any principle which condemns the purchase, by a widow, of the reversion after her life-estate as dowress, at the sale of it by the administrator of her husband's estate, or which denies to the second husband of such widow the unrestricted

right to buy, at an administrator's sale, the land of her former husband, or which requires the mother and step-father to consult the interest of a son and step-son at such sale, instead of their own interest. Being a widow in possession of the land, or a mother, or step-father, imposes no disability to purchase the land of the deceased husband and father, at a sale of it by the administrator of such decedent.

The cases alluded to above announce rules founded in a wise policy; but no considerations of sound policy demand an extension of the disability to buy for one's self, to exclude a widow and mother and step-father from the list of those who may lawfully buy for themselves at a sale of the land of a decedent.

No sufficient reason appears for vacating the quitclaim deed executed by appellant, relinquishing the land to Bott. He was competent to contract, and did so, and received a section of land as the consideration for executing that deed, and afterwards sold the section of land to Bott.

The decree of the court below is correct, except as it denied an account for rent. The widow of Thomas H. Wood was entitled to the plantation, free from rent, until her dower was assigned her. Code 1857, p. 470, art. 174.

Dower was assigned her in March, 1866, and we do not see why appellant, who was an infant at that time, should not be held entitled to an accounting by the occupants of his land after that. Until the land was made assets, by order of the Probate Court, to pay the debts of the estate of Thomas H. Wood, the legal title was in appellant, with all its incidents.

Decree reversed, and cause remanded for an account to be taken of the rents of the land of Thomas H. Wood enjoyed by appellees after assignment of dower, and not embraced in the part set over to the widow as her dower.

CHALMERS, J., having been of counsel, did not participate in the decision of this case.